## HENRY COLESBERRY, Executor of Levi Colesberry, defendant below, plaintiff in error, v. CHARLES ANDERSON, plaintiff below, defendant in error.

High Court of Errors and Appeals.   June, 1818.

*Ridgely's Notebook II, 105.**

---

* This case is also reported in *Clayton's Notebook, 71.*

408

This case was held under advisement until the [——] [2] when THE CHANCELLOR delivered the opinion of the Court.

Notwithstanding the numerous errors assigned in this cause the counsel for the plaintiff in error relied upon three only as sufficient for a reversal of this judgment. First, it was insisted on that the suit should have been brought in the names of the husband and wife. Secondly, that the plaintiff should, in his declaration, have referred to the Act of Assembly authorizing this action, and that by omitting so to do, this is an action at common law, and therefore is not maintainable. Third, that this is an action of debt for $120, and that the jury, without finding the debt, merely find for the plaintiff and assess damages to $106.20.

1. The cases which have been cited seem to involve some doubt but the result of them is that the suit may be brought in the name of the husband alone. Questions upon legacies in England belong to the Court of Chancery. They cannot perhaps be compared to bonds made to a *feme covert*. A husband could not file a bill in chancery in his own name, for a legacy bequeathed to his wife while a *feme covert*. 5 Ves.Jr. 515. In the case of *Garfuth v. Bradley*, 2 Ves. 675, the opinion is pretty explicitly expressed that suits may be brought by the husband alone for

[2] Blank in manuscript.

chose in action which came to the wife during coverture. For the recovery in his own name is equal to reducing it into possession. The husband according to our Act of Assembly becomes bound to refund in case of debts, and upon the whole the suit in the name of the husband is well enough. See 1 Vern. 261. 2 Bac.Abr. 290 D. (NOTE. See 1 H.Bl. 108 which seems *contra*.)

2. As to the declaration, that is well enough. All that is necessary is that the plaintiff should show in his declaration that his case is within the Act of Assembly, and that he has performed all which the Act requires to entitle him to this action. The Act need not be referred to nor recited. It is a public act, and the judges are bound to take notice of it. The right of the plaintiff below arises under the will. This particular remedy is given by the Act of Assembly, and it is sufficient that he brings his case within the Act, 1 Dyer 3-85a; 1 Com.Dig. 329, title, "Action upon statute," (N); Bull.N.P. 3, 4. The case of *Reddam and Davis v. Rogers, qui tam,* decided in this Court at August, 1813, is not like the present one. The plaintiff below did not state his case according to the Act of Assembly. The Court observed, "He (the plaintiff below) must charge the very offense which the Act intended to prohibit so as to precisely bring the case to that for which the penalty is given." He, the plaintiff below, has brought his case within the Act, and that is sufficient. He has shown that he has done all which Act requires to entitle him to this action and that the Act was intended to furnish a remedy in cases like this.

3. As to the verdict, it is thus entered: They find for the plaintiff and assess damages to $106.20 etc. This is error for they ought to have found the debt, and then the damages on occasion of the detention of that debt. But this verdict is amendable in the court below, for it is clear from the record that the jury intended to find the debt and to assess the damages. Part of the debt was satisfied, and the $106.20 include the whole debt due and the damages, after allowing the payments and calculating the interest. The mistake was committed in entering the verdict for damages. 1 Com. 471; Cro.Jac. 185; 1 Salk. 47, 53. See 1 H. Bl. 238; 1 Bun. 322; Str. 1197; 1 Wils. 303; 1 Com. 484 (2B); 1 Dall. 462.

No other errors were insisted on and the Court unanimously affirmed the judgment.

NOTE. The cases of *Atkins and wife v. Hill,* Cowp. 284, *Rose and Nancy, his Wife, v. Bowles and Read, Executors of Bowles,* 1 H.Bl. 108, were actions for legacies left to the wife after marriage, and in the latter case it was adjudged that she should join.